UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNARD JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 07 C 6111 |
| v. ) | |
| ) | Judge George M. Marovich |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bernard Jones ("Jones") filed a complaint to appeal the decision of the Social Security Administration, in which decision Jones was denied Social Security disability benefits. Defendant moves to dismiss the complaint for lack of subject matter jurisdiction. For the reasons set forth below, the Court grants the motion.

**I.     Background**

Jones currently receives Social Security disability benefits. Specifically, an Administrative Law Judge determined, in May 2002, that Jones had been disabled under § 1614(a)(3)(A) of the Social Security Act since December 31, 1998. The Social Security Administration ("SSA") notified Jones by letter on May 16, 2002 that he had received a "fully favorable" decision.

The disability benefits granted to Jones in May 2002 (which benefits he is still receiving) are not at issue in this case. The Court mentions those benefits, however, because they seem to have caused confusion to the Social Security Administration while Jones was trying to obtain the benefits at issue in this case.

This case concerns back benefits to which Jones believes he is entitled. Jones believes he is entitled to back benefits because in or about 1987, Jones was determined by the Social Security Administration to be disabled. He received benefits for a period of time but lost those benefits when he was incarcerated. Jones seems (the details are not entirely clear but do not matter to the jurisdictional issue before the court) to want back benefits from the period of time after he was released from prison until approximately 1998.

This is not the first time Jones has sought these back benefits in this Court. In 2003, Jones filed a suit in this Court for back benefits, and the Court dismissed the case of lack of subject matter jurisdiction because Jones had failed to exhaust his administrative remedies. The Seventh Circuit Court of Appeals affirmed that decision.

Jones then tried to exhaust his administrative remedies. On July 26, 2005, he wrote to the Social Security Administration in an attempt to obtain his back benefits. Nearly a year later, Jones received a notice of appointment from the Social Security Administration. It set an appointment for him for June 6, 2006. It seems that, at the meeting, the Social Security Administration offered to settle Jones's claim for back benefits for $9,146.52. Jones rejected the offer for reasons that are not made clear in the record. Also on June 6, 2006, Jones filed with the Social Security Administration a statement in which he noted that he had filed a claim and felt that he had now exhausted his administrative remedies.

On October 10, 2006, the Social Security Administration responded. It sent Jones a letter, in which it stated, in relevant part:

> On May 16, 2002, we sent you a letter about our decision on your claim for Supplemental Security Income (SSI). We told you that if you did not agree with the decision, you could request an appeal within 60 days from the date you

received that letter. Our records show that you did not request an appeal until
June 6, 2006.

We can extend the time limit to file an appeal only if you had a good reason for
missing the deadline. However, based on the facts that you gave us, we are
unable to extend the time limit in your case. Therefore, we cannot review your
claim for benefits.

Jones (perhaps sensing that the SSA was confusing his claim for back benefits with the disability payments he was awarded in May 2002) tried again. On December 8, 2006, Jones sent the Social Security Administration another copy of the request he filed on July 25, 2005. On January 9, 2007, the SSA again responded. This time, it said:

On October 10, 2006, we sent you a letter about our decision on your request for
reconsideration filed on June 6, 2006. We told you that we were unable to review
your claim for benefits based on the fact that your appeal was not filed in a timely
manner, which is 60 days from the date you received the initial decision letter
dated May 16, 2002.

Based upon the above information, we are therefore unable to process your
subsequent request for reconsideration, filed December 11, 2006.

Jones tried again. This time, he filed, on or about January 25, 2007, a form entitled "Request for Hearing by Administrative Law Judge." In it, he explained:

This appeal is in connection with my greivance [sic] dated July 26, 2005 in which
I was seeking to recover back benefits due to me from January 1, 1990 to
November 1998. The denial which I received in connection with my grievance
only addressed the May 16, 2002 decision of the Administrative Law Judge. I
was instructed by the United States District Court in case No. 03 C 1814 to
reapply for these benefits & to reopen that case if I was denied.

In response, the SSA sent Jones a photocopy of the letter it sent him on January 7, 2007. Handwritten on the bottom of the photocopy was, "We are not able to Process your Request For a Hearing since your Reconsideration was dismissed and good cause was not found."

Next, on March 5, 2007, Jones filed a "Request for Review of Hearing Decision/Order." Once again, Jones explained the problem. It is not clear whether Jones sent the request to the proper Social Security Administration office.

At some point, Jones hired an attorney. On September 6, 2007, Jones's attorney sent a letter to the Social Security Administration. Among other things, the letter stated:

> Please be advised that I have been retained by Mr. Bernard Jones to represent him with respect to his back benefit claim for Supplemental Security Income disability. . . . <u>THIS IS A REQUEST FOR A **FORMAL RESPONSE** TO MR. JONES' REQUEST FOR HEARING DATED January 25, 2007.</u> (See copy of Request for Hearing attached hereto as Exhibit "A" and the informal note that he received thereafter attached hereto as Exhibit "B"). Since the informal note is undated and comprised of handwritten notes placed on a copy of the notice regarding Mr. Jones [sic] prior Request for Reconsideration, it does not comport with the notice requirements of the Social Security Act and, according to the Appeals Council, can not form the basis for a Request for Review.
>
> \*     \*     \*
>
> Later on March 6, 2007, Mr. Jones filed a Request for Review with the Appeals Council, (see Request for Review attached hereto as Exhibit "I"). Upon following up on said request, he was informed that the Appeals Council could not entertain said review since no formal action had been taken on his Request for a Hearing. Thus, we are forwarding this letter to obtain the required written notice on Mr. Jones' Request for a Hearing so that he can not again be accused of failing to exhaust his administrative remedies. Please let us here [sic] from you at your earliest convenience. Thank you.

On October 18, 2007, the Social Security Administration responded. It sent Jones a letter which stated, in relevant part:

> We have received your request for an Administrative Law Judge decision of your claim. However, we cannot process your appeal due to prior decisions made in the past. You do not have appeal rights based upon the time in which you attempted to appeal.
>
> If you have any questions, you may contact Mr. L. Shaw at 773-424-1002 ext. 251.

The letter was signed by J. Flynn, District Manager.

J. Flynn, District Manager, also signed the October 10, 2006 and January 7, 2007 letters the Social Security Administration had sent to Jones. The Social Security Administration, when it filed its motion to dismiss this case, attached the October 10, 2006 and January 7, 2007 letters signed by J. Flynn. At the time, the SSA had no quarrel with J. Flynn. It was plaintiff, however, who submitted to the Court J. Flynn's October 18, 2007 letter. Specifically, plaintiff attached the letter to his response to the SSA's motion to dismiss. In reply, the SSA submitted an affidavit from the SSA's "Chief of Court Case Preparation and Review Branch IV of the Office of Appellate Operations, Office of Disability Adjudication and Review." The affidavit states, among other things, "There is no record that any individual named J. Flynn is an employee of the Social Security Administration's Office of Disability Adjudication and Review. I am unaware of any authority which would allow Mr. (or Ms.) Flynn to deny a claimant's request for Administrative Law Judge review."

The SSA concedes that Jones requested an administrative hearing but says "no administrative hearing has been held because Plaintiff's request was unfortunately not properly logged in the Appeals Council's electronic database." In other words, SSA messed up. It has not, however, volunteered to correct its error(s).

II.     **Standard on a motion to dismiss**

In considering whether to dismiss a case pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, a district court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. Federal Deposit Ins. Corp.*,

999 F.2d 188, 191 (7th Cir. 1993) (quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979)).

## III. Discussion

The SSA moves to dismiss Jones's appeal on the grounds that the Court lacks subject matter jurisdiction.

Jurisdiction to review a decision of the Social Security Administration to deny benefits is available only under 42 U.S.C. § 405(g), and § 405(g) requires a final decision from the SSA. *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). The Supreme Court has explained that the finality condition:

> consists of two elements, only one of which is purely 'jurisdictional' in the sense that it cannot be 'waived' by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The non-waivable element is the requirement that a claim for benefits shall have been presented to the Secretary. Absent such a claim there can be no 'decision' of any kind. And some decision by the Secretary is clearly required by the statute.

*Mathews v. Eldridge*, 424 U.S. at 328. The Supreme Court went on to say, "[U]nder § 405(g) the power to determine when finality has occurred ordinarily rests with the Secretary since ultimate responsibility for the integrity of the administrative program is his. But cases may arise where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate." *Id.* at 330. In order for the Court to waive the exhaustion requirement, plaintiff must show that the claims are collateral to the claim for benefits and that requiring exhaustion would subject the plaintiff to irreparable harm. *See Bowen v. City of N.Y.*, 476 U.S. 467, 476 (1986). Here, the plaintiff's complaint seeks the benefits

-6-

themselves. It cannot be said that the plaintiff's claim is collateral, so only the Secretary can waive exhaustion in this case.

Jones, instead, argues that he has exhausted his administrative remedies and obtained a final decision from the SSA. As defendant points out, "final decision" is left undefined in § 405(g), and the Secretary is left to regulate the administrative remedies. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). The regulations set out a four-step process that must be completed before one can litigate his claim in federal court. *See* 20 C.F.R. §416.1400(a). Defendant argues that Jones failed with respect to the last two steps: the hearing before an administrative law judge and a decision by the Appeals Council. Under the regulations, the event that triggers one's right to file suit in federal court is receiving from the Appeals Council either a denial of a request for review or a decision on the merits. *See* 20 C.F.R. § 416.1481.

The Court is sympathetic to Jones's argument that he was issued a final decision. He seems to have made a good effort to obtain a final decision. After this Court dismissed his previously-filed suit and told him to go back and exhaust his administrative remedies, he tried. He filed a request for benefits in June 2005 and met with SSA in June 2006. SSA went so far as to calculate his past-due benefits and offer a settlement. (It remains unclear why Jones did not take the settlement then.) Jones immediately filed another statement requesting benefits. SSA responded in October 2006 (via a letter signed by J. Flynn), but their response made it clear that the SSA thought he was challenging his October 2002 benefits award when Jones, in fact, was trying to obtain back benefits from about 1990 to about 1998. He tried a few more times to explain that he was seeking back benefits (and not challenging his 2002 award), and, each time, the SSA told him he could not challenge his 2002 award. When he asked for a hearing before an

administrative law judge, the SSA just sent him another copy of the same old letter.  When he asked for a review of the decision not to give him a hearing, he did not receive a response.  Jones's attorney filed a request for a formal response to his request for hearing and noted that the Appeals Council would not respond to Jones because he had not received a formal response to his request for hearing.  The SSA sent him yet another letter signed by J. Flynn, in which letter the SSA stated, "We have received your request for an Administrative Law Judge decision of your claim.  However, we cannot process your appeal due to prior decisions made in the past.  You do not have appeal rights based upon the time in which you attempted to appeal."  In other words, based on the facts before the Court at this time, it appears that Jones tried to go through the proper steps but was stopped, at every turn, by the SSA.  The Court, then, can appreciate why Jones thought he had received a final decision and should file his suit here.

For its part, the SSA says that the reason Jones never received a hearing was that his request for a hearing was not properly logged in its database.  The SSA also says it has no record of J. Flynn having worked for it and that it has no reason to think J. Flynn had the authority to deny a request for administrative hearing.  The SSA has not, however, volunteered to go back and consider Jones's request for a hearing.

Rather, defendant argues that the case does not belong in this Court because Jones cannot show that he ever received from the Appeals Council a denial of request for hearing or a decision on the merits, as is required under the regulations.  That is undeniably true, though one can hardly blame Jones based on the facts before the Court at this time.  It is also true that only the Secretary can waive exhaustion absent a collateral attack.  The Secretary is correct, then, that this Court lacks jurisdiction under 42 U.S.C. § 405(g).

Jones does not argue that the Court has jurisdiction under the mandamus statute, 28 U.S.C. § 1361. *See Burnett v. Bowen*, 830 F.2d 731, 738-739 (7th Cir. 1987).

## IV. Conclusion

For the reasons set forth above, the Court grants defendant's motion to dismiss for want of subject matter jurisdiction.

The Court grants Jones until April 15, 2009 to file an amended complaint stating a proper basis for this Court's jurisdiction should one exist. Perhaps by then, the SSA will have properly logged Jones's request and will have responded properly thereto.

ENTER:

/s/ George M. Marovich
George M. Marovich
United States District Judge

DATED: December 9, 2008